Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA WORCH,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF THE FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) |
| **MONARCH RECOVERY MANAGEMENT, INC.,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.     Plaintiff, Jessica Worch ("Plaintiff"), is a natural person residing in Tulsa county in the state of Oklahoma, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4.     At all relevant times herein, Defendant, Monarch Recovery Management, Inc., ("Defendant") with its principle place of business in the Philadelphia County in the state of Pennsylvania, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     On average, Plaintiff received from Defendant, more than five collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month, including but not limited to, more than 17 calls made on June 20, 2011.

7. Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such a frequency as to constitute harassment under the circumstances, including but not limited to, more than 17 calls made on June 20, 2011.

8. On at least on occasion, Plaintiff has verbally requested, during a telephone conversation, to cease all telephone calls and send validation of the debt and correspondence via letters only.

9. Defendant continued to call Plaintiff despite being told to continue communication via written correspondence only.

10. Defendant failed to provide validation of the alleged debt and written communication within 5 days of the initial contact.

11. Defendant overshadowed the 30-day dispute period, attempting to collect an alleged debt from Plaintiff when no validation of the debt had been provided.

12. Defendant is attempting to collect an alleged debt that has been previously paid in full by Plaintiff to the original credit since April 2010.

13. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

    c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

    d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    e) Overshadowing the disclosures required by 15 USC §1692g(a) during the thirty-day dispute period (§1692g(b)); and

    f) Making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a) (§1692g(b)).

14. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 18th day of August, 2011.

By:   /S Cynthia Z. Levin
**Cynthia Z. Levin, Esq. (PA 27050)**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**